Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287–Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND; GLAZIERS INDIVIDUAL ACCOUNT RETIREMENT PLAN; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; THEIR JOINT BOARDS OF TRUSTEES; and DOUGLAS CHRISTOPHER and ALFRED SKIP WELTZ as Trustees;<br><br>I.U.P.A.T. UNION AND INDUSTRY NATIONAL PENSION FUND; ITS JOINT BOARD OF TRUSTEES; and JAMES WILLIAMS as Trustee;<br><br>DISTRICT COUNCIL NO. 16, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION 767,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KELLY RAYMOND PLEDGER, Individually, and dba PLEDGER GLASS,<br><br>　　　　　Defendants. | Case No.: C08-1725 SC<br><br>**COMPLAINT** |

## Parties

1. The Northern California Glaziers, Architectural Metal and Glass Workers Pension Plan ('Pension Fund'); District Council 16 Northern California Health and Welfare Trust Fund ('Health Fund'); Glaziers Individual Account Retirement Plan ('IARP'); and District Council 16 Northern California Journeyman and Apprentice Training Trust Fund ('Apprentice Fund') are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ('ERISA') §3(3), 29 U.S.C. §1002(3). The Joint Board of Trustees ('Trustees') of said funds are the named fiduciaries of the respective funds under ERISA §402(a), 29 U.S.C. §1002(a). Douglas Christopher is the Chairman of the Trustees and a fiduciary of said funds.

2. The Health Fund was formerly Northern California Glaziers Health and Welfare Trust Fund prior to its merger with other health and welfare trust funds effective January 1, 2008.

3. The IUPAT Union and Industry National Pension Fund ('National Fund') is an employee benefit plan as defined in ERISA §3(3). James Williams is the President and a fiduciary of the National Fund.

4. District Council No. 16, International Union of Painters and Allied Trades, Glaziers, Architectural Metal and Glass Workers Local Union 767 ('Union') is a labor organization as defined in §2(5) of the National Labor Relations Act ('NLRA'), 29 U.S.C. §152(5).

4. KELLY RAYMOND PLEDGER, individually and dba PLEDGER GLASS, are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

5. The Pension Plan, Welfare Plan, IARP, Apprenticeship Trust, and National Plan and their fiduciaries are herein referred to as "ERISA Plaintiffs."

///

///

## Jurisdiction

6. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

7. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the Defendant and the Union ("Bargaining Agreement").

8. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

9. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

10. Venue exists in this Court with respect to the claims under LMRA §301(a) because the claims arise in this district, the employers are doing business in this district and may be found in this district.

### Intradistrict Assignment

11. The basis for assignment of this action to this court's San Francisco Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of San

Francisco, where the ERISA Plaintiffs and the Bargained Plans, and where defendant failed to fulfill its statutory and contractual obligations to the plaintiffs.

### Bargaining Agreement

12. Under the Bargaining Agreement and the governing documents of the ERISA Plaintiffs which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to the ERISA Plaintiffs, Bargained Plans, defined below, and the Union for dues, certain sums of money, the amounts of which are determined by the hours worked by the employees of Defendant. Defendant further agreed to pay liquidated damages in the amount of ten percent (10%) through 2004 and seven percent (7%) thereafter for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Interest accrues on the combined total of delinquent contributions and liquidated damages at the rates reasonably set by the Trustees from the date immediately following the day that such payment.

13. On behalf of the Plaintiffs, the Trustees are authorized to collect monies due from Defendant under the Bargaining Agreement for the Work Preservation Fund, Inc., a California non-profit corporation, the Northern California Glaziers Contractors Administrative Fund, IUPAT Joint Apprenticeship & Training Fund, and the Painters and Allied Trades Labor-Management Cooperation Fund (collectively referred to herein as the "Bargained Plans.") The ERISA Plaintiffs and Bargained Plans are third-party beneficiaries of the Bargaining Agreement.

14. Under the terms of the Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to permit an authorized representative of the ERISA Plaintiffs to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to the Plaintiffs.

15. Defendant has a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

16. Defendants have a contractual duty to timely pay the required contributions to the ERISA Plaintiffs and Bargained Plans, and the dues to the Union, as well as permit an examination of records pursuant to the Bargaining Agreement and governing Trust documents as amended.

Facts

17. On several occasions, written demands were made on Defendant on behalf of Plaintiffs, to provide records for examination pursuant to the terms of the Collective Bargaining Agreement and the governing documents of the ERISA Plaintiffs for the period October 1, 2004 through date of inspection. Defendants have failed to provide the requested records.

18. Defendants additionally have failed to submit reports and/or pay contributions owing to plaintiffs under the Bargaining Agreement for work performed during the period from September 2007 through January 2008. Contributions for hours worked during the month of February 2008 are due, and will become delinquent shortly. Liquidated damages and interest have been incurred and are owing for the unpaid contributions owed for this period. Furthermore, defendants have failed to pay liquidated damages due to plaintiffs for late-paid contributions for hours worked by its employees during the months of December 2006, February 2007 through April 2007, and August 2007 to September 2007.

19. On several occasions, demand was made on defendants on behalf of plaintiffs, for payment of all amounts due to the ERISA Plaintiff Funds, the Union, and the Funds. Defendants have failed and refused to make payment of the amounts due claimed herein, as required by the Bargaining Agreement.

20. Defendant has refused and continues to refuse to provide records and to permit an authorized representative of the Plaintiffs to examine Defendant's records as necessary to determine whether Defendant has made full payment of all sums owed to the Plaintiffs for the period October 1, 2004, through the present.

21. Defendant's failure and refusal to provide records and to permit examination of its records as alleged herein was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on Defendant, by failing to permit examination of its records. Said refusal is unjustified and done with malicious intent.

22. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless the Defendant is:

(a) Ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the L.M.R.A., 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein;

(b) Restrained from continuing to refuse to perform as required under the foregoing agreements;

(c) Specifically ordered to provide certain records and to permit examination of its records as alleged herein;

(d) Specifically ordered to pay all union dues, contributions, liquidated damages and interest determined and known to be due and found to be due to Plaintiffs following the examination of Defendant's records.

///

///

///

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For an order requiring Defendant to provide certain records and to submit to an audit of such records by a date certain for the period October 1, 2004, through the date of entry of judgment; and

2. For judgment against Defendant in favor of the ERISA Plaintiffs, Bargained Plans, and the Union, in an amount equal to:

(a) Unpaid contributions for hours as specified above and thereafter through the time of judgment, including those determined by the audit of Defendant's records for the period October 1, 2004 through the date of entry of judgment, as well as unpaid liquidated damages for hours worked during the periods as specified above and thereafter through judgment, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A):

(1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

(2) To the Bargained Plans, in accordance with the Bargaining Agreement; and

(3) To the Union for dues, in accordance with the Bargaining Agreement.

b. Liquidated damages in an amount equal to the greater of:

(1) Interest on the unpaid contributions, or

(2) Liquidated damages provided for under the Bargaining Agreement on the aforementioned unpaid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

      c.    Interest on any unpaid contributions and liquidated damages, at rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

3. For any additional contributions payable to Plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs and, with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

4. The ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the collective bargaining agreement for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all Plaintiffs.

5. For an order enjoining Defendant from violating the terms of the Bargaining Agreement and the governing documents referred to therein, from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

6. That the Court retain jurisdiction of this case pending compliance with its orders.

7. For such other and further relief as the Court may deem just and proper.

Dated: March 27, 2008                SALTZMAN & JOHNSON
                                            LAW CORPORATION

                                          By: _____/s/_____
                                                  Michele R. Stafford
                                                  Attorneys for Plaintiffs